**Donna K. THOMAS, Plaintiff–Appellant,**

v.

**GLAXO WELLCOME, INC., Defendant–Appellee.**

No. 00–6790.

United States Court of Appeals, Sixth Circuit.

Sept. 26, 2001.

Before BATCHELDER and COLE, Circuit Judges; BECKWITH, District Judge.*

Donna K. Thomas, a pro se Kentucky resident, appeals a district court order dismissing her diversity of citizenship action filed pursuant to 28 U.S.C. § 1332. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Thomas sued Glaxo Wellcome, Inc. alleging that the company's Imitrex STATdose injector was defective and unreasonably dangerous. The district court granted summary judgment for Glaxo concluding that Thomas had failed to establish that the product was defective.

In her timely appeal, Thomas stated that the district court should not have relied on the opinions of her doctors, that the case should have been allowed to be submitted to a jury, and that the evidence establishes that the product is defective.

We review the district court's judgment de novo. *See Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir.2000).

In product liability cases, the Kentucky courts follow the *Restatement (Second) of Torts* § 402A. *See Dealers Transp. Co. v. Battery Distrib. Co.*, 402 S.W.2d 441, 446–47 (Ky.1965). Under the standard, liability exists for "persons engaged in the business of manufacturing or selling products ... if the product is 'in a defective condition unreasonably dangerous to the user or consumer.'" *Montgomery Elevator Co. v.*

---

* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

*McCullough*, 676 S.W.2d 776, 780 (Ky. 1984) (citation omitted). The key words in this analysis are "defective condition unreasonably dangerous." *Id.* The meaning of these words was resolved by the Kentucky Supreme Court in *Nichols v. Union Underwear Co.*, 602 S.W.2d 429 (Ky.1980). In *Nichols*, the Kentucky Supreme Court held that the test to determine if a product is defective is whether the product creates "such a risk of [accident of the general nature of the one in question] that an ordinary prudent company engaged in the manufacture of [such a product], being fully aware of the risk, would not have put it on the market[.]" *Id.* at 433.

In its motion for summary judgment, Glaxo provided affidavits from Thomas's treating physician, Dr. Colby, and her consultive physician, Dr. Grubs. Both doctors stated that Thomas's symptoms were not caused by the Imitrex STATdose injector. Dr. Colby noted that the product was a safe and effective method for treating migraine headaches and the injector was a safe method for delivering the drug. Thomas failed to provide any evidence to contradict the opinions of her physicians. As Thomas failed to provide any evidence that the Imitrex STATdose injector was defective, Glaxo was entitled to summary judgment as a matter of law.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.